UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>ERA</small> P<small>ENROD</small>,

   Plaintiff,             Hon. Paul L. Maloney

v.                   Case No. 1:22-cv-540

C<small>OMMISSIONER OF</small>
S<small>OCIAL</small> S<small>ECURITY</small>,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

   This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 37 years old on her alleged disability onset date. (ECF No. 4-2, PageID.123). She completed high school, as well as several years of college, and worked previously as a nurse assistant, billing typist, cashier, assembler, and payroll clerk. (ECF No. 4-2, 4-6, 4-7, PageID.123-24, 376, 481). Plaintiff applied for benefits on October 7, 2019, alleging that she had been disabled since August 12, 2019, due to depression and anxiety. (*Id.*, PageID.111, 375).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Colleen Mamelka, in an opinion dated April 21, 2021, determined that Plaintiff did not qualify for disability benefits. (*Id.*, PageID.111-64). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: depression, anxiety, post-traumatic stress disorder, mood disorder, adjustment disorder, and headaches/migraines, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (ECF No. 4-2, PageID.114-17).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can frequently perform handling and fingering activities; (2) she

cannot be exposed to noise "above level three";[1] and (3) she is limited to simple, routine tasks with no direct interaction with the general public and only occasional interaction with co-workers and supervisors.   (*Id.*, PageID.117).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.   *Ibid*.

In this case, a vocational expert testified that there existed approximately 386,000 jobs in the national economy which an individual with Plaintiff's RFC could perform.   (ECF No. 4-2, PageID.161-62).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").   Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

Plaintiff initiated this action pro se on June 13, 2022.   (ECF No. 1).   On September 2, 2022, the Court ordered Plaintiff to file her initial brief no later than

---

[1] The Social Security Administration defines noise level 3 as "moderate" such as that encountered in "department or grocery positions."   *See, e.g., Conklin v. Commissioner of Social Security*, 2022 WL 4094411 at *1 n.1 (W.D. Pa., Sept. 7, 2022) (citing Social Security Administration Program Operations Manual System (POMS) DI 250001.001); *Owens v. Saul*, 2020 WL 2319880 at *2 (W.D. Mo., May 11, 2020) (same).

September 30, 2022.  (ECF No. 7).  As of October 12, 2022, Plaintiff had failed to file her brief.  That same day, the Court ordered Plaintiff to show cause why her appeal should not be dismissed for failure to file her brief as required by the Court. (ECF No. 11).  Plaintiff responded by asserting that she was "incapable of performing an initial brief due to [her] disabilities."  (ECF No. 12).

By failing to submit a brief or otherwise identify any alleged errors in the Commissioner's assessment and decision, Plaintiff has failed to establish that she is entitled to relief in this matter.  Nevertheless, in light of Plaintiff's pro se status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision is in any way defective or deficient.  This review has revealed nothing that calls into question the ALJ's decision making process, the legal standards she applied, or the substantiality of the evidence in support of her decision.

The medical evidence does not support the argument that Plaintiff's abilities are more limited than the ALJ concluded.  Physical examinations have revealed no findings which are inconsistent with the ALJ's decision.  (ECF No. 4-7, 4-8, PageID.470-71, 473-76, 507-08, 517-18, 525-28, 632-37, 649).  Likewise, the findings and observations of Plaintiff's mental health providers are consistent with the ALJ's decision.  (ECF No. 4-7 – 4-9, PageID.477-506, 534-37, 541-44, 553-56, 560-63, 580-83, 587-90, 703-09, 713-19).  The Court further notes that none of Plaintiff's care providers have expressed an opinion regarding Plaintiff's functional abilities or limitations that is inconsistent with the ALJ's decision.  Accordingly, the Court

concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 9, 2022                                    /s/ Phillip J. Green
                                                                              PHILLIP J. GREEN
                                                                              United States Magistrate Judge